Alan L. WURTZEL, Plaintiff,

v.

Frederic RICHMOND, et al.,
Defendants.

Civ. A. No. 87–2316 SSH.

United States District Court,
District of Columbia.

July 28, 1989.

Mark London, Washington, D.C., for plaintiff.

John B. Dunn, Takoma Park, Md., for defendants.

## MEMORANDUM OPINION

STANLEY S. HARRIS, District Judge.

This matter is before the Court on plaintiff's and defendants' cross-motions for summary judgment. For the reasons set forth below, plaintiff's motion is denied and defendants' motion is granted.

### Background

In March 1976, Janice Frey entered into a contract of sale with defendant Frederic Richmond for property located at 1747 Corcoran Street, N.W.[1] Under the terms of that contract, Frey was purchasing "Lot 808 and that part of lot 809 that is in the rear of lot 808 extending back to rear al-

---

1. The remaining defendant is his wife, Pearl. References in this Opinion to "defendant Richmond" or "Richmond" are intended as references to Frederic Richmond only. Plaintiff was not a party to the original contract; he is a subsequent purchaser of the properties in dispute.

ley." The purchase price was fixed at $65,-000. On June 10, 1976, Bosche–Weld Construction Corporation conveyed Lot 808 to Frey and to Elli M.A. Mills as joint tenants.[2] At some point, the deed was rerecorded (presumably by or on behalf of Frey and Mills) to include the section of Lot 809 described in the Contract of Sale.[3] Richmond declares that he never saw or authorized the rerecording of the amended deed.

The deed recorded for subsequent purchasers purports to include part of Lot 809 in the conveyance. Plaintiff alleges that the purchasers of Lot 809 enjoyed continuous use of it, an allegation denied by defendants.[4] Plaintiff further alleges that on June 20, 1985, a request was made to defendants by letter to convey legal title to the relevant portion of Lot 809, which request was refused. (Plaintiff does not identify the writer of that letter.) Plaintiff acquired the property in January 1987.

Defendants answer that the part of Lot 809 in dispute was not conveyed because title was held by Frederic and Pearl Richmond, Pearl Richmond was not a party to the contract of sale, and she did not convey her interest.

Plaintiff seeks specific performance on a contract of sale and a declaratory judgment for reformation of a deed. Plaintiff and defendants move for summary judgment.[5]

*Discussion*

Count I: Specific Performance

■ Plaintiff first contends that he is entitled to specific performance on the Contract of Sale between Frey and defendant Richmond. "[T]he burden of establishing the right to and need for specific performance [is] on the party seeking it." 6 A.R. Powell & P. Rohan, Powell on Real Property § 925[1] (1988 & Supp.1989). In order to prevail on a specific performance theory, plaintiff must show (1) the existence of a valid contract, (2) plaintiff's willingness and ability to perform, (3) breach of the contract by a defendant able to perform his or her obligations, and (4) an inadequate remedy at law. *Id.; see also* Restatement (Second) of Contracts § 357 (1981). The relief plaintiff seeks here—conveyance of legal title to that part of Lot 809 described in the contract—cannot be ordered.

■ Plaintiff's complaint states that "[d]efendant Richmond and his wife held the legal title to Lot 809 in their individual capacities in 1976 and still hold that legal title." Complaint at 3; Statement of Facts at 3. No claim has been made that Pearl Richmond was a party to the Contract of Sale, and nothing on the face of that document indicates her participation. In a footnote to his reply brief, plaintiff states the following:

Defendants argue that because Pearl Richmond was not a party to the contract she may not be named as a defendant. That is wrong, because Plaintiff alleges that Mr. Richmond was acting on behalf of his wife. However, even if the Court finds the issue of agency to involve a dispute of material fact ... [s]ummary judgment should be entered against Mr. Richmond, notwithstanding any issues of

2. None of the pleadings submitted in this matter adequately explains the relationship between Frederic Richmond and Bosche–Weld (which is not named as a defendant). It appears, however, that Richmond was Secretary of the Corporation; he attests to the conveyance of the deed in that capacity. Although Bosche–Weld is named in the deed as the grantor, its name does not appear on the contract of sale.

3. It is not clear from the face of the deed when it was rerecorded; the only date on the instrument is June 10, 1976.

4. There appears to be no dispute that defendants paid taxes on all of Lot 809 over the relevant time period.

5. It should be noted that plaintiff's Motion for Summary Judgment, filed just three days after the filing of his complaint, does not technically conform with Local Rule 108(h), which requires such motions to "be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement." Plaintiff's statement of facts primarily echoes the allegations made in his complaint. Defendants' pleadings are also distressingly short on facts. To the extent allegations are supported by plaintiff's exhibits and defendants' subsequent pleadings, the Court has pieced together a record that reflects the contentions of the parties.

fact surrounding Mrs. Richmond which may have to await further discovery. Reply Brief at 4 n. 1. That footnote constitutes the sum and substance of plaintiff's allegations against Pearl Richmond. The Supreme Court has held:

the plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Plaintiff, a nonmoving party with respect to defendants' motion, has made no showing that a valid contract existed between Pearl Richmond and Janice Frey. His bald assertion that Richmond acted on behalf of his wife is not, in and of itself, sufficient to create a genuine issue of material fact. With respect to Pearl Richmond, then, defendants' motion for summary judgment must be granted.

Plaintiff further argues that, even if summary judgment is granted as to Pearl Richmond's interests, "this would not affect plaintiff's summary judgment claim that Mr. Richmond, who clearly was a party to the Contract of Sale, should be required to convey his portion." Plaintiff's Opposition to Defendants' Motion for Summary Judgment at 3. Plaintiff, however, fails to address defendants' claim that they hold their interest in Lot 809 as tenants by the entirety. With such an estate, still valid within the District of Columbia, neither spouse has any interest that can be separately conveyed. *See In re Estate of Wall*, 440 F.2d 215, 217–18 (D.C.Cir.1971); *see also* R. Kratovil & R. Werner, Real Estate Law ¶ 18.05 (9th ed. 1988) ("A contract to sell property owned in tenancy by the entireties obviously should be signed by both husband and wife. If it is not, the buyer will be unable to obtain specific performance....").

Because plaintiff has not put forth any facts to show (1) that Pearl Richmond was a party to the contract or that her husband acted on her behalf or (2) that Frederic Richmond would be able to convey any separate interest in any part of Lot 809, summary judgment must be granted against plaintiff on Count I of his complaint.

Count II: Reformation of the Deed

 "The effect of a reformation decree is to correct and change the provisions of a deed.... The reformed deed corrects the language used so that it reads as it should have read all along. Reformation relates back to, and takes effect from, the date of the conveyance." Powell on Property, *supra*, at § 901[3]. The party seeking reformation must demonstrate "that the deed, as written, is erroneous." Moreover, he must do so by clear and convincing evidence, rather than the more relaxed preponderance of the evidence standard. *See id.* Not surprisingly, "reformation is available only against the parties to the transaction." *Id.*

 Again, plaintiff has not demonstrated any relation between the Contract of Sale and Pearl Richmond. Absent such a showing, the deed cannot be reformed to convey her interest in all or part of Lot 809. Without her participation in the underlying contract, plaintiff cannot establish that the deed is clearly erroneous—Pearl Richmond was under no obligation to convey her interest in Lot 809. Finally, as to Frederic Richmond, plaintiff has not shown that he had any alienable interest in Lot 809 that could have or should have been conveyed in the original deed.

Accordingly, defendants' motion for summary judgment must be granted. Plaintiff's motion for summary judgment must be denied, and his complaint is dismissed.